O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANIS HANSEN,                        )  Case No. EDCV 12-00900-OP
                                     )
                    Plaintiff,       )
              v.                     )  MEMORANDUM OPINION AND
                                     )  ORDER
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                    Defendant.       )
                                     )
_____)

     The Court[1] now rules as follows with respect to the disputed issues listed in
the Joint Stipulation ("JS").[2]

/ / /

/ / /

_____

     [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

     [2]  As the Court advised the parties in its Case Management Order, the
decision in this case is made on the basis of the pleadings, the Administrative
Record, and the Joint Stipulation filed by the parties.  In accordance with Rule
12(c) of the Federal Rules of Civil Procedure, the Court has determined which
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).
(ECF No. 6 at 3.)

1

## I.

## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)   Whether the Administrative Law Judge ("ALJ") properly considered the lay witness testimony;

(2)   Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings; and

(3)   Whether there is a inconsistency between the ALJ's finding that Plaintiff can perform the jobs of cashier II and order clerk, and the Dictionary of Occupational Titles ("DOT") description of those occupations.

(JS at 2-3.)

## II.

## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the

1  Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450,

2  1452 (9th Cir. 1984).

### III.

### DISCUSSION

**A.      The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of lumbar disc
disease and cervical disc disease with right-sided radiculitis.  (Administrative
Record ("AR") at 11.)  The ALJ concluded that Plaintiff's pain level "is of a
moderate nature and would normally have a moderate effect on her ability to do
basic work activities but is controlled or can be controlled by appropriate
medication or treatment without significant adverse side effects," has the residual
functional capacity ("RFC") to perform the following:  lift and carry twenty
pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours
in an eight-hour work day but is allowed to sit or stand at her option; occasionally
uses a cane for uneven surfaces; never climbs; never climbs ladders, ropes, or
scaffolds; occasionally balances; occasionally stoops or bends; occasionally
kneels; never crouches; never crawls; and never works above shoulder height with
her right shoulder or arm.  (Id. at 13.)

Relying on the testimony of the vocational expert ("VE"), the ALJ
determined that given Plaintiff's age, education, work experience, and RFC, she is
capable of doing the requirements of occupations such as cashier II (DOT No.
211.462-010), and order clerk (DOT No. 209.567-014) 920.587-018).  (AR at 16.)

**C.      The ALJ Failed to Properly Consider Plaintiff's Credibility.**

**1.      Plaintiff's Credibility.**

Plaintiff asserts that the ALJ improperly rejected Plaintiff's credibility by
failing to provide clear and convincing reasons for rejecting her subjective
complaints of impairment.  (JS at 13.)  She complains that although the ALJ

1   briefly mentioned some of Plaintiff's statement and testimony, he did not indicate

2   which statements or testimony he accepted or rejected, and rejected her statements

3   for reasons that were legally insufficient.  (Id. at 14.)

4   　　　　As summarized by the ALJ, Plaintiff complains of the following:

5   　　　　　　The claimant alleges that, as a result of "severe" impairments, she

6   　　　　has pain in her lower back, neck, right shoulder, right arm, and right

7   　　　　wrist, numbness in her right arm and hand; involuntary leg movements

8   　　　　in her leg; fatigue; and difficulties with sleep.  Because of these

9   　　　　symptoms, the claimant can't lift anything; has problems with squatting,

10  　　　　bending, reaching, kneeling, and climbing stairs; and is only capable of

11  　　　　sitting for about five minutes at a time, standing for less than five

12  　　　　minutes at a time, and walking for up to two miles.

13  (AR at 13.)  The ALJ also summarized the findings of Dr. S. Brodsky, the State

14  agency medical consultant, Dr. Payam Moazzaz, an orthopedic consultative

15  examiner, and Dr. Zaven Bilezikjian, another orthopedic consultative examiner.

16  (Id. at 13-14.)  The ALJ noted that Dr. Brodsky and Dr. Moazzaz both concluded

17  that Plaintiff was capable of light work with some postural restrictions, but that

18  Dr. Bilezikjian found sedentary work appropriate, including a range of position

19  provisions, postural limitations, and restricted fine and gross manipulation with

20  the right upper extremity.[3]  (Id. at 14 (citations omitted).)

21  　　　　In his decision, the ALJ attempted to enumerate three reasons for rejecting

22  

23  　　　[3] Specifically, Dr. Bilezikjian opined that Plaintiff could push, pull, lift, and
carry ten pounds occasionally, and less than ten pounds frequently; walk and stand

24  for two hours in an eight-hour workday, and no assistive device is required for

25  ambulation; bend, kneel, stoop, crawl, and crouch occasionally; walk on uneven
terrain without restriction; should not climb ladders; can sit for six hours in an

26  eight-hour day with change of position; can use her right hand frequently,

27  restricted due to the right-sided radiculitis; and fine and gross manipulative

28  movements with the left hand are unrestricted.  (AR at 277.)

1   Plaintiff's subjective complaints of impairment and finding that her testimony

2   regarding her symptoms was not fully credible (AR at 14-15):  (1) Plaintiff and Dr.

3   Bilezikjian both indicate "extremely limited lifting and carrying capabilities," but

4   the record, "which demonstrates normal motor strength bilaterally and only some

5   right-sided neurological deficits, suggests otherwise;" for instance, although

6   Plaintiff says "she cannot lift anything and needs help to put clothes in the washer,

7   she is somehow able to lift her five-pound dog"; (2) Plaintiff claims she can only

8   sit for five minutes at a time, but can "go to (and presumably sit through) movies

9   and drive a car"; and (3) Dr. Bilezikjian concluded that Plaintiff "can only stand or

10  walk for two hours in an eight-hour day despite her reports that she is capable of

11  walking up to two miles."  (Id. (citations omitted).)  The ALJ adopted Dr.

12  Bilezikjian's sit/stand option "[i]n light of the claimant's subjective complaints

13  regarding sitting and standing."   (Id. at 14.)  The ALJ also incorporated a

14  "reaching restriction" due to Plaintiff's radiculitis.  (Id.)  As a "precautionary

15  measure," the ALJ "included the occasional use of a cane for uneven surfaces."[4]

16  (Id.)

17        An ALJ's assessment of pain severity and claimant credibility is entitled to

18  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

19  Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a

20  claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

21  must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231

22  (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

23  Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

24  _____

25        [4]  Thus, contrary to Plaintiff's assertion that the ALJ failed to indicate which

26  of Plaintiff's statements he accepted or rejected, it appears that the ALJ gave
    Plaintiff the benefit of the doubt with regard to her sitting and standing

27  complaints, as well as her limited ability to reach, and need for a cane, and

28  discounted her allegations of limitations in lifting and walking.

5

1   claimant was not credible is insufficient).

2        Once a claimant has presented medical evidence of an underlying

3   impairment which could reasonably be expected to cause the symptoms alleged,

4   the ALJ may only discredit the claimant's testimony regarding subjective pain by

5   providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.

6   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding

7   must be properly supported by the record and sufficiently specific to ensure a

8   reviewing court that the ALJ did not arbitrarily reject a claimant's subjective

9   testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

10       An ALJ may properly consider "testimony from physicians . . .  concerning

11  the nature, severity, and effect of the symptoms of which [claimant] complains,"

12  and may properly rely on inconsistencies between claimant's testimony and

13  claimant's conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d

14  947, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he

15  nature, location, onset, duration, frequency, radiation, and intensity" of any pain or

16  other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,

17  effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than

18  medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities";

19  "unexplained, or inadequately explained, failure to seek treatment or follow a

20  prescribed course of treatment"; and "ordinary techniques of credibility

21  evaluation," in assessing the credibility of the allegedly disabling subjective

22  symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20

23  C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

24  600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on

25  conflict between claimant's testimony of subjective complaints and objective

26  medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.

27  1998) (ALJ may properly rely on weak objective support, lack of treatment, daily

28

1   activities inconsistent with total disability, and helpful medication); Johnson v.

2   Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact

3   that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d

4   748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and

5   the lack of side effects from prescribed medication); Tonapetyan v. Halter, 242

6   F.3d 1144, 1148 (9th Cir. 2001) (ALJ properly found that the claimant's "tendency

7   to exaggerate" was a factor supporting his determination that she was not

8   credible).

9          In this case, the Court finds that the ALJ failed to provide clear and

10  convincing reasons for finding Plaintiff's subjective complaints regarding her

11  lifting and walking limitations to be less than credible.

12         With regard to Plaintiff's lifting limitations, the ALJ contends that the

13  medical record does not support Plaintiff's allegations (or the findings of Dr.

14  Bilezikjian, limiting Plaintiff to lifting or carrying ten pounds occasionally and

15  less than ten pounds frequently).  (AR at 14-15 (citing id. at 277).)  To the extent

16  the ALJ relied on the fact that the objective medical evidence does not support

17  Plaintiff's alleged severity of symptoms, although a lack of objective medical

18  evidence may not be the sole reason for discounting a plaintiff's credibility, it is

19  nonetheless a legitimate and relevant factor to be considered.  Rollins v.

20  Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

21         However, here there is some evidence in the record to support the limitation

22  in the form of one consulting orthopedist's opinion that Plaintiff should be limited

23  to lifting or carrying no more then ten pounds.  More importantly, the additional

24  reason given by the ALJ to discount Plaintiff's credibility regarding her lifting

25  limitation – that she can "somehow lift her five-pound dog" despite claiming "she

26  cannot lift anything and needs help to put clothes in the washer" (AR at 14-15) –

27  somewhat misstates the record:  although Plaintiff made these statements, she did

28

7

1  not say she cannot lift *anything,* merely that she *needs help* lifting things (see, e.g.,

2  AR at 200 (emphasis added) ("I do none of these [chores,] [can't] *need help* with

3  lifting everything but I try to do laundry and clean"); id. at 201 (emphasis added)

4  ("I [can't] shop alone I *need help* lifting").  And, although Plaintiff did state that

5  she can lift her five-pound dog, she also added:  "and that sometimes hurts."  (Id.

6  at 203).  Thus, the Court does not find the reasons given for rejecting Plaintiff's

7  allegations of lifting limitations to be convincing.

8         With regard to Plaintiff's walking limitations, the ALJ appears to have

9  discounted those limitations based on the fact that Dr. Bilezikjian indicated

10  Plaintiff could stand or walk for only two hours in an eight-hour day "despite

11  [Plaintiff's] reports that she is capable of walking up to two miles."[5]  (Id. at 15.)

12  The Court does not believe that the ability to walk up to two miles, which for the

13  average adult usually takes less than an hour, and the restriction to walking no

14  more than two hours in an eight-hour day are inconsistent.  Thus, the Court does

15  not find this to be a clear or convincing reason for discounting Plaintiff's

16  credibility with respect to her walking limitations.

17         In summary, it appears that the only clear reason given by the ALJ for

18  discounting Plaintiff's credibility would be that the medical opinions of two of the

19  three consulting examiners did not support her claimed limitations.  As noted,

20  however, this cannot be the only factor relied on by the ALJ to discount a

21  claimant's credibility.  Thus, the Court finds that the ALJ failed to properly

22  consider Plaintiff's credibility.

23  / / /

24

25  _____

26      [5]  This seems to primarily be a reason to discount Dr. Bilezikjian's opinion,
   not Plaintiff's credibility.  Indeed, the way this is worded, it appears that the ALJ
27  may have found Plaintiff's statement that she can walk up to two miles to be
28  credible.

1

**2.      Lay Witness Testimony.**

2      Plaintiff also claims that the ALJ erred in ignoring the third-party witness

3  statements provided by her mother.  (JS at 3.)

4      Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to

5  medical evidence, the Commissioner "may also use evidence from other sources to

6  show the severity of  [an individual's] impairment(s) and how it affects [her]

7  ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by

8  friends and family members in a position to observe a claimant's symptoms and

9  daily activities have routinely been treated as competent evidence."  Sprague v.

10 Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn

11 hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th

12 Cir. 1996)), as well as to unsworn statements and letters of friends and relatives.

13 See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000).

14 If the ALJ chooses to reject such evidence from "other sources," he may not do so

15 without comment.  Nguyen, 100 F.3d at 1467.  The ALJ must provide "reasons

16 that are germane to each witness."  Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.

17 1993).

18      The ALJ's failure to address lay witness testimony generally is not

19 harmless.  Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991).  In failing to

20 address a lay witness statement, the error is harmless only if "a reviewing court . . .

21 can confidently conclude that no reasonable ALJ, when fully crediting the

22 testimony, could have reached a different disability determination."  Stout v.

23 Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins

24 v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).

25      Because the matter is being remanded to reconsider Plaintiff's credibility,

26 the statements of Plaintiff's mother should also be considered.

27 / / /

28

**C.**   **Inconsistency Between the ALJ's Findings Regarding Plaintiff's Ability to Perform the Jobs of Cashier II and Order Clerk, and the DOT.**

Based on the testimony of a VE, the ALJ found that given Plaintiff's RFC, she is capable of performing the jobs of cashier II and order clerk.  (AR at 16.) Plaintiff contends that these jobs, as described in the DOT, both require frequent reaching, which is inconsistent with her limitation to performing no work above shoulder height with her right shoulder or arm.  (JS at 18.)

Because the matter is being remanded to reconsider Plaintiff's credibility and the third-party witness statement, the Commissioner will have an opportunity to also reconsider the work available to Plaintiff as appropriate to her reassessed RFC.

**D.**   **This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th. Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d at 635.

The Court finds that the ALJ committed legal error by not providing clear and convincing reasons for discrediting Plaintiff's subjective statements of limitation.  Accordingly, it appears to the Court that this is an instance where further administrative proceedings would serve a useful purpose and remedy defects.

///

///

///

///

1

**IV.**

**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS
ORDERED that Judgment be entered reversing the decision of the Commissioner
of Social Security, and remanding this matter for further administrative
proceedings consistent with this Memorandum Opinion.

Dated: February 1, 2013

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

11